**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROB W. ROBERTS,

    Petitioner - Appellant,

v.

TIMOTHY J. CALLAHAN,
Commander, Fort Sill Regional
Correctional Facility,

    Respondent - Appellee.

No. 02-6171

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 01-CV-190-W)**

---

**Submitted on the briefs:**[*]

Rob W. Roberts, *pro se*.

Respondent-Appellee waived filing of a brief.

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    [*] After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2241 appeal brought by a military prisoner. Petitioner seeks review of his conviction by a general court-martial on specifications of committing indecent acts upon a child under the age of sixteen, indecent assault, and forcible sodomy upon a child under the age of sixteen. His conviction was affirmed by the Army Court of Criminal Appeals. The Court of Appeals for the Armed Forces denied review. In his § 2241 petition, Petitioner raised thirty grounds for habeas relief. The district court adopted the magistrate judge's report and recommendation which found that grounds one through twenty-six were given full and fair consideration by the military courts and were therefore not reviewable in the district court. The district court also adopted the magistrate judge's recommendation that grounds twenty-seven through thirty had not been raised in the military courts and therefore had been deemed as waived. This appeal followed.

The federal civil courts have limited authority to review court-martial proceedings. Burns v. Wilson, 346 U.S. 137, 139, 142 (1953). If the grounds for relief that Petitioner raised in the district court were fully and fairly reviewed in the military courts, then the district court was proper in not considering those issues. See id.; see also Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993). Likewise, if a ground for relief

-2-

was not raised in the military courts, then the district court must deem that ground waived. See Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). The only exception to the waiver rule is that a petitioner may obtain relief by showing cause and actual prejudice. See Lips, 997 F.2d at 812.

Petitioner argues that the standards adopted by the Supreme Court in Burns and by this court in Lips are inaccurate since Congress never intended for habeas review of military convictions to be more narrow than habeas review of state convictions. Therefore, Petitioner argues that we should depart from these standards and apply a more expansive review. We are, however, required to apply the standard outlined by the Supreme Court in Burns as well as our interpretation of that standard in Lips.

While we agree with the district court's conclusion that grounds one through twenty-six were fully and fairly considered in the military courts and are therefore unreviewable, we find it necessary to clarify the proper application of the four-factor test articulated in Lips. The four-factor test was first introduced by this circuit in Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990), in which we adopted the test used by the Fifth Circuit. See Dodson, 917 F.2d at 1252-53 (adopting test used in Calley v. Callaway, 519 F.2d 184 (5th Cir. 1975)).

In Burns, the Supreme Court held that where an allegation has been fully and fairly considered by the military courts, the federal civil courts may not

review the merits.  <u>Burns</u>, 346 U.S. at 142.  Subsequently, in <u>Dodson</u>, we

recognized that

> [t]he federal courts' interpretation–particularly this court's
> interpretation–of the language in <u>Burns</u> has been anything but clear.
> Probably a majority of our cases have simply quoted the <u>Burns</u>
> language and held that no review of a petition for habeas corpus was
> possible when the defendant's claims were fully and fairly
> considered by the military courts.  [citations omitted].  A few of our
> cases were more specific and held that we could not review *factual*
> *disputes* if they had been fully and fairly considered by the military
> courts.  [citations omitted].  Still other of our cases have held that
> review of constitutional claims in habeas corpus petitions was proper
> without really saying when and why.  [citations omitted].  Another of
> our recent cases held that review was proper when the constitutional
> claim was both "substantial and largely free of factual questions."

<u>Dodson</u>, 917 F.2d at 1252.  Looking to <u>Calley</u> "for guidance in determining when

to review a claim made in a habeas corpus petition," we adopted the four-factor

test used in that case.  As we explained, "[t]he four factors from <u>Calley</u> and the

Tenth Circuit cases articulating the same principles are:

> 1. The asserted error must be of substantial constitutional
> dimension. . . . 2. The issue must be one of law rather than of
> disputed fact already determined by the military tribunals. . . . 3.
> Military considerations may warrant different treatment of
> constitutional claims. . . . 4. The military courts must give adequate
> consideration to the issues involved and apply proper legal
> standards.

<u>Id</u>. at 1252-53 (emphasis omitted); <u>see also</u> <u>Lips</u>, 997 F.2d at 811.  We then held

that only one of the four claims at issue in <u>Dodson</u> were subject to review and that

the remaining claims were fully and fairly considered by the military courts.  <u>See</u>

-4-

Dodson, 917 F.2d at 1253.

While the relevance of each individual factor may not be absolutely clear in every case and, as we admitted in Dodson, "these factors still place a large amount of discretion in the hands of the federal courts," we are confident that "they provide a concise statement of the factors normally relied on by the federal courts in deciding whether to review military habeas corpus petitions."  Id. Because the cases which come to the federal courts from the military courts vary greatly, each of the factors will have varying degrees of importance in each case. For example, the first factor–the substantiality of the constitutional dimension–may appear in some cases to provide little guidance as to whether the military courts gave the case full and fair consideration.  This factor is important, however, as a reminder that we will only review habeas corpus petitions from the military courts that raise substantial constitutional issues.

As we read the opinions of both the district court and the magistrate judge, they appear to suggest that a court reaches the Lips/Dodson factors only *after* it determines that the issues were not fully and fairly considered pursuant to Burns. This approach would result in the Burns and Lips/Dodson tests serving as two separate hurdles to be met prior to our review of a military court decision.

It is clear, however, that the four-factor test articulated in Dodson and applied in Lips does not constitute a separate hurdle but merely aids our

determination of whether the federal court may reach the merits of the case.  See

Ruiz-Garcia v. Lansing, 42 Fed. Appx. 98, 2002 WL 1023634 at **2 (10th Cir.

May 22, 2002) (unpublished) ("In determining whether full and fair consideration

was given to an issue, federal courts apply [the four-part Lips/Dodson test]."); see

also Khan v. Hart, 943 F.2d 1261, 1262-63 (10th Cir. 1991); Dodson v. Zelez,

917 F.2d 1250, 1252-53 (10th Cir. 1990).  As we read the district court's

approach, it assumes the possibility of a case in which the issues were not fully

and fairly considered within the meaning of Burns but were nevertheless

unreviewable by the district court.  However, Lips/Dodson merely develops our

understanding of full and fair consideration; it does not add an additional

jurisdictional hurdle.  The approach we clarify today is more consistent with the

Supreme Court's rule.

While the district court may have incorrectly applied the four-factor test as

an additional jurisdictional hurdle rather than as an aid in determining if the

claims had been "fully and fairly considered" as required by Burns, it is clear that

the district court's approach did not result in an erroneous disposition of the case.

Both in its initial determination that the issues had been fully and fairly

considered in the military courts and in its more detailed discussion of the four

factors, the district court concluded that it lacked authority to review the case.

Our review of the record reveals that, had the district court applied the four

factors merely as an aid in determining whether the claims were fully and fairly considered, it would have reached the same conclusion.

We have held that where an issue is adequately briefed and argued before the military courts the issue has been given fair consideration, even if the military court disposes of the issue summarily. See Watson, 782 F.2d at 145. Our independent review of the record indicates that grounds one through twenty-six were each briefed and argued in the military courts. All twenty-six claims were raised in either or both the Army Court of Criminal Appeals or the Court of Appeals for the Armed Forces. In making these claims, Petitioner made well-reasoned arguments, cited proper legal authority and identified proper legal standards.

Based on our *de novo* review of the record, the district court's disposition, and Petitioner's brief, we agree with the district court's conclusion that Petitioner's grounds one through twenty-six have been fully and fairly reviewed by the military courts. We are therefore unable to review them. We further agree that grounds twenty-seven through thirty were not raised in the military courts and have therefore been waived. Petitioner has not shown any actual prejudice as required by our cases that govern exceptions from the waiver rule. See, e.g., Lips, 997 F.2d at 812; Murray v. Carrier, 477 U.S. 478, 491 (1986). Therefore, we find no reason for exception from the waiver rule.

One issue requires further consideration. Appellee filed a motion to dismiss on grounds of mootness, since Mr. Roberts was released from the Fort Sill Regional Correctional Facility on January 29, 2002. Appellee argues that since Petitioner is no longer incarcerated, his petition no longer presents a "case or controversy" pursuant to Article III, § 2 of the Constitution. However, the Supreme Court has recognized that if a prisoner has been released from custody while his habeas petition is pending, the court's jurisdiction depends upon the existence of "collateral consequences [of the challenged conviction] to meet Article III's injury-in-fact requirement." Spencer v. Kemna, 523 U.S. 1, 14 (1998). Here, Petitioner has not identified specific collateral consequences but has alleged the existence of such consequences in general. Nevertheless, Petitioner has been dishonorably discharged from the military and has forfeited allowances. Such considerations are sufficient collateral consequences to defeat the argument of mootness. Therefore, Appellee's motion to dismiss is **DENIED**.

For the foregoing reasons, the decision of the district court is **AFFIRMED**.[1]

---

[1]Appellant's motion to proceed in forma pauperis is granted.