**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HERMAN RIOS, JR.,

      Petitioner - Appellant,

v.

MICHAEL A. LANSING,
Commandant, United States
Disciplinary Barracks,

      Respondent - Appellee.

No. 02-3143
(D. Kansas)
(D.Ct. No. 00-CV-3037-JTM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

      In 1995, Herman Rios, Jr. was tried and convicted by general court-martial

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

before a military judge at Travis Air Force Base in California for rape, forcible sodomy, assault and battery, and indecent acts and liberties with a child, all of which were committed against his minor daughter. He was sentenced to, *inter alia*, eighteen years confinement and was imprisoned in Fort Leavenworth, Kansas, when his petition was filed in the district court.

Rios appealed his conviction to the Air Force Court of Criminal Appeals (AFCCA). He claimed 1) the evidence was legally and factually insufficient to support his convictions, 2) the trial court erred in admitting statements he made to his daughter during a monitored telephone conversation which he had been ordered to place by a superior,[1] and 3) the trial court erred in admitting an excerpt from a report written by a civilian social worker.[2] The AFCCA affirmed the military judge's findings and sentence, but, insignificant to this appeal, slightly modified his conviction for assault and battery. *Rios*, 45 M.J. 558. Separately, the AFCCA denied Rios' motion for a new trial. *United States v. Rios*, No. 96-

---

[1]His commanding officer, knowing that investigators would be monitoring the call, directed Rios to go home and call his daughter. Once he arrived home, Rios received a telephone call from his daughter.

[2] The social worker who wrote the report, Aisha Jarvis, was assigned to his daughter's juvenile dependency case. The excerpt from the report contained statements Rios made to Jarvis when she called him to make arrangements for a supervised visit with his daughter. During this discussion, Rios asked the social worker, "if a person has sex with a child that seemed to like it, it's different isn't it[?]" *United States v. Rios*, 45 M.J. 558, 564 (A.F. Ct. Crim. App. 1997) (quotations omitted). Jarvis was unavailable to testify at trial. Her report was admitted, over Rios' objection, under the business records exception to the hearsay rule.

10, 1997 C.C.A. LEXIS 33, at *2 (A.F. Ct. Crim. App. 1997). Thereafter, the Court of Appeals for the Armed Forces (CAAF) granted Rios' request for discretionary review and considered two issues: 1) whether the military judge erred in admitting Rios' statements to his daughter during the taped telephone conversation and 2) whether the AFCCA erred in denying a new trial. Both issues were resolved against Rios. *United States v. Rios*, 48 M.J. 261 (U.S. Armed Forces 1998). The CAAF likewise denied his petition for reconsideration. *United States v. Rios*, No. 97-0543/AF, 1999 C.A.A.F. LEXIS 675 (C.A.A.F. Feb. 18, 1999).

After his petition for a writ of certiorari was denied by the United States Supreme Court, *Rios v. United States*, 525 U.S. 1156 (1999), Rios filed with the AFCCA a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus under 28 U.S.C. § 1651(a).[3] In this petition, he asserted three substantive grounds for relief: 1) he was compelled to be a witness against himself in violation of the Fifth Amendment by way of the telephone conversation with his daughter, 2) he was denied his right to confront a witness, namely the social worker involved in his daughter's dependency case, in violation of the Sixth

---

[3] Section 1651(a) provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

-3-

Amendment, and 3) he was denied effective assistance of appellate counsel, also a Sixth Amendment violation. The AFCCA denied habeas relief on August 26, 1999, reasoning that the constitutional issues had already been adequately reviewed by the military courts on direct appeal. The CAAF denied his request for an appeal.

On February 2, 2000, Rios filed a 28 U.S.C. § 2241 petition for Writ of Habeas Corpus in the United States District Court for the District of Kansas. He claimed his Fifth and Sixth Amendment rights were violated by the admission of statements he made to his daughter on the telephone and by the admission of comments he made to the social worker.[4] The district court dismissed the habeas petition, observing: "[r]eviewing the history of the prosecution of the petitioner Rios, the court can only conclude that [his] alleged constitutional violations were fully and fairly addressed by the military tribunals." (R., Doc. # 22 at 5.)

Rios appeals the district court's denial of his § 2241 petition, reiterating the same arguments raised below. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

### DISCUSSION

Rios properly filed his habeas action as a § 2241 petition. A § 2241

---

[4] In his § 2241 petition, Rios also alleged an ineffective assistance of counsel claim, which he later withdrew. He does not raise this claim on appeal.

-4-

petition attacks the execution of a sentence and must be filed *in the district where the prisoner is confined*, whereas a 28 U.S.C. § 2255 petition attacks the legality of the sentence and must be filed *in the district that imposed the sentence*. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Rios' sentence was imposed by a military tribunal and he has already exhausted his habeas remedies through the military courts, his § 2241 petition filed in the District of Kansas was procedurally correct.[5] A certificate of appealability, while traditionally a consideration in § 2255 federal habeas actions and § 2254 motions and § 2241 state habeas actions, is not necessary to appeal a final order in a § 2241 federal habeas proceeding. *Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000). We now turn to Rios' appeal.

While federal courts have habeas jurisdiction over persons incarcerated by military courts, because of the independence of the military court system, our collateral review of court-martial convictions is circumscribed. *Burns v. Wilson,* 346 U.S. 137, 142 (1953); *Lips v. Commandant, United States Disciplinary*

---

[5]At the time Rios filed his § 2241 petition, he was incarcerated in Fort Leavenworth, Kansas. After the district court entered judgment in this case, Rios was transferred to a federal correctional facility in Coleman, Florida. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Consequently, because the United States District Court for the District of Kansas had jurisdiction over Rios' petition at the time it was filed, its jurisdiction, as well as our own, is not defeated by Rios' transfer.

*Barracks*, 997 F.2d 808, 810-11 (10th Cir. 1993). Four criteria must be met before this Court considers the merits of a habeas challenge to court-martial proceedings: "(1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards." *Id*. at 811; *see also Roberts v. Callahan,* 321 F.3d 994, 996 (10th Cir. 2003).

As detailed above, this case has a rich history, having been thoroughly and repeatedly reviewed by the military courts—the claims of constitutional error have been fully aired. We must consider, however, not only whether the constitutional questions were given full and fair consideration by the military courts but also whether those courts applied the appropriate legal standards. *Lips*, 997 F.2d at 811.

### A. *Statements Made to Daughter*

Beginning with his direct appeal to the AFCCA, Rios argued his conviction was flawed by the admission at trial of statements he made to his daughter during the taped telephone conversation because he had not been first advised of his rights pursuant to Article 31 of the Uniform Code of Military Justice (Article 31

rights), codified at 10 U.S.C. § 831.[6] Upon de novo review, the AFCCA

concluded the trial judge did not err. It concluded: (1) Rios' daughter's consent

to have the telephone call monitored was valid even though she was a minor; (2)

authorization for the telephone call was properly obtained; and (3) Rios'

statements to his daughter were voluntary despite the fact he was told by his

commander to call his daughter. The requirement to call did not necessarily

compel him to make incriminating statements. *Rios*, 45 M.J. at 564.

Granting discretionary review, the CAAF likewise considered the

---

[6] 10 U.S.C. § 831 states:

Art. 31. Compulsory self-incrimination prohibited

(a) No person subject to this chapter may compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him.

(b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

(c) No person subject to this chapter may compel any person to make a statement or produce evidence before any military tribunal if the statement or evidence is not material to the issue and may tend to degrade him.

(d) No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him in a trial by court-martial.

legitimacy of the call and concluded the statements were properly admitted even though Rios was not advised of his Article 31 rights. *Rios*, 48 M.J. at 263-65. The CAAF reasoned: (1) there was no requirement to advise Rios of his Article 31 rights in the absence of evidence demonstrating coercion based on military rank, duty, or other similar relationship, (2) Rios' minor daughter was capable of and did consent to the monitoring of the telephone call, and (3) the monitoring and recording of the call were properly authorized. *Id.*

The AFCCA, once again, was asked to review the legality of the taped telephone call when Rios filed his Petition for Extraordinary Relief. Recognizing the telephone call had already been subjected to adequate scrutiny, the court denied Rios' petition. The CAAF denied review.

In denying Rios' § 2241 petition, the district court concluded the written decisions of the AFCCA and the CAAF "reveal that the courts carefully considered, and rejected, the claims of error regarding the admittance at trial of the telephone conversation . . . ." (R., Doc. # 22 at 4.) We agree.

Rios claims the introduction of the telephone conversation was error because it was obtained in violation of Article 31, which is the military's equivalent to the *Miranda* rights advisement. *Miranda v. Arizona*, 384 U.S. 436 (1966). Our inquiry then is whether, under the circumstances of this case, Rios would have been entitled to a reading of his *Miranda* rights before speaking with

-8-

his daughter. In order to implicate *Miranda*, a suspect must be "in custody" and subject to interrogation. *United States v. Bennett*, 329 F.3d 769, 774 (10th Cir. 2003). "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. Here, Rios was not "in custody" at the time of the telephone conversation as his freedom of action was not curtailed in any way. Also, we find that any impropriety, constitutional or otherwise, with regard to the taped telephone call was given full and fair consideration by the military courts and there is nothing to suggest improper legal standards were employed.

B. *Statements to Social Worker*

On direct appeal to the AFCCA, Rios claimed the trial court erred in "admitting an excerpted, unsigned and undated statement . . . from a report written by . . . the civilian social worker responsible for handling [his daughter's] juvenile dependency case." *Rios*, 45 M.J. at 564. The AFCCA found no error, concluding that the social worker was not acting as an agent of military law enforcement at the time she met with Rios and the excerpt clearly fell within the business record exception to the hearsay rule because the social worker was required to produce the report pursuant to internal office rules and regulations. *Id.* at 566-67. The CAAF denied review of the issue.

Rios raised the issue again in his Petition for Extraordinary Relief, alleging the military judge violated his Sixth Amendment right to confront a witness by admitting the social worker's report. Finding that this issue had been adequately considered in his direct appeal, the AFCCA denied relief. Similarly, the district court, in denying Rios' § 2241 petition, concluded the military courts fairly considered and rejected the issue.

On appeal, Rios claims the military judge erred by admitting the social worker's report because it was inadmissible hearsay as well as a violation of his Sixth Amendment right to confront a witness. The Sixth Amendment provides a criminal defendant the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Ohio v. Roberts*, the Supreme Court held that an unavailable witness' out-of-court statements may be admitted consistent with the Sixth Amendment so long as they have an adequate indicia of reliability, namely they fall within a "firmly rooted hearsay exception" or bear "particularlized guarantees of trustworthiness." 448 U.S. 56, 66 (1980). Recently, however, the Supreme Court rejected this test for *testimonial* hearsay. *Crawford v. Washington*, __ U.S. __, 124 S.Ct. 1354, 1374 (2004). In *Crawford*, the Court concluded the Sixth Amendment bars out-of-court statements by witnesses that are testimonial in nature unless the witnesses are unavailable and the defendant had a prior opportunity for cross-examination. *Id. Crawford*, however, did not

-10-

extend these protections to non-testimonial hearsay. *Id.* "Where non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law–as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Id.* Because non-testimonial hearsay is at issue here, the reliability test of *Roberts* applies.

The social worker's report in this case clearly falls within a firmly rooted hearsay exception–the business records exception of Rule 803(b) of the Federal Rules of Evidence.[7] Thus, no constitutional violation occurred. Additionally, we

_____

[7] The business records exception to the hearsay rule provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

(6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness . . . .

Fed. R. Evid. 803(6).

conclude that full and fair consideration was given to the admissibility of the report. On direct appeal, the AFCCA affirmed the military judge's decision to allow the report into evidence, reasoning there was no error, constitutional or otherwise. *Rios*, 45 M.J. at 566. Although the CAAF chose not to review this part of the AFCCA decision, we note an issue is deemed to have received full and fair consideration where it was brought before the military court and was disposed of by that court, even if summarily. *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir. 1986).

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge