**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESTER KNIGHTEN,

        Petitioner - Appellant,

v.

(NFN) (NMI) COMMANDANT,
USDB-Ft. Leavenworth,

        Respondent - Appellee.

No. 04-3436

D. Kansas

(D.C. No. 01-CV-3435-RDR)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Applicant Lester Knighten, a military prisoner appearing *pro se* and *in forma pauperis* (IFP), appeals the district court's denial of his habeas corpus application under 28 U.S.C. § 2241. The government did not file a brief. We affirm.

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In a February 1997 general court-martial, a jury of officer members found Applicant guilty of raping, sodomizing, and committing indecent acts upon his 12-year-old step daughter. In addition, he pleaded guilty to willfully disobeying a Military Protective Order. He was sentenced to confinement for 20 years, reduction in paygrade, forfeiture of all pay and allowances, and a dishonorable discharge. The Navy-Marine Corps Court of Criminal Appeals (NMCCA) affirmed all but one of the jury findings (one indecent-act charge was dismissed as multiplicitous) and upheld the sentence. The United States Court of Appeals for the Armed Forces (CAAF) denied review. The United States District Court for the District of Kansas denied Applicant's application for a writ of habeas corpus. This appeal followed. Because Applicant is a federal prisoner proceeding under § 2241, he does not need a certificate of appealability. *See McIntosh v. U.S. Parole Comm'n.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

First, we address the timeliness of Applicant's appeal. The notice of appeal, due by November 1, 2004, was not filed until November 4. "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290 (10th Cir. 1996). But in response to this court's show-cause order, Applicant filed a declaration that he placed his notice of appeal in the prison's legal mail system on October, 29, 2004, with prepaid first-class postage. This constituted sufficient compliance with Fed. R. App. P.

4(c)(1).  *See United States v. Cebellos-Martinez*, 387 F.3d 1140, 1144 n.4 (10th Cir. 2004).  Hence, we have jurisdiction.

Turning to the merits, our review of court-martial proceedings is very limited.  *See Burns v. Wilson*, 346 U.S. 137, 142 (1953).

> If the grounds for relief that Petitioner raised in the district court were fully and fairly reviewed in the military courts, then the district court was proper in not considering those issues.  Likewise, if a ground for relief was not raised in the military courts, then the district court must deem that ground waived.  The only exception to the waiver rule is that a petitioner may obtain relief by showing cause and actual prejudice.

*Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003) (internal citations omitted).  To aid in determining whether an issue has received full and fair consideration, we consider the following factors:

> (1) [t]he asserted error must be of substantial constitutional dimension[;] (2) [t]he issue must be one of law rather than of disputed fact already determined by the military tribunals[;] (3) [m]ilitary considerations may warrant different treatment of constitutional claims[; and] (4) [t]he military courts must give adequate consideration to the issues involved and apply proper legal standards.

*Id.* at 996 (internal ellipses omitted).  "[W]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."  *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

On appeal Applicant raises the following grounds for relief: (1) the trial court erred in closing the courtroom to the public; (2) the trial court erred in failing to give an attempted-rape instruction as a lesser-included offense; (3) the NMCCA erred in relying on conflicting affidavits in resolving claims of ineffective assistance of counsel; (4) the federal district court erred in finding that trial counsel had provided effective representation; (5) Applicant's guilty plea was improvident because there were defenses to the charge of willful disobedience; and (6) the detailing authority erred in failing to provide a qualified counsel.

Applicant's first claim relates to the closure of his trial to the public. He asserts four separate errors: (1) closure of the courtroom during voir dire; (2) closure of the courtroom during the victim's testimony; (3) failure of the trial court to articulate reasons on the record supporting closure of the trial during the victim's testimony; and (4) failure of the trial court to reopen the courtroom following the victim's testimony.

Applicant cannot rely on his first and fourth alleged errors because he did not raise them before the district court. "We do not consider on appeal issues not raised in the district court." *O'Connor v. City & County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990).

-4-

Applicant's remaining two arguments stem from the government's motion requesting removal of spectators from the courtroom while the victim testified. When asked for a response to the motion, Applicant's trial counsel responded, "The defense has no objection to no spectators." R. at 971.

On direct appeal before the NMCCA, Applicant did not claim any denial of the right to a public trial. He first raised the issue before the CAAF, arguing that the trial court erred in (1) failing to follow the proper procedures in closing the trial and (2) failing to inquire directly from the Applicant whether waiver of his right to a public trial was knowing and intelligent. The CAAF summarily denied review of all his claims. Applicant did not assert any public-trial issues in his motion for reconsideration to the CAAF, but raised them again before the federal district court in this habeas proceeding. The district court concluded that "to the extent [the CAAF] decision constitutes consideration and rejection of the merits of this claim, or to the extent petitioner failed to properly present this claim to the military courts for consideration on the merits, federal habeas review of the claim is not available." Dist. Ct. Order, R. doc. 35 at 10.

Applicant's objections to closure of the courtroom during the victim's testimony raises a substantial issue. The United States Court of Military Appeals has recognized a Sixth Amendment right to a public court-martial. *See United States v. Hershey*, 20 M.J. 433, 435 (C.M.A. 1985). The right to a public trial,

however, may be waived, so long as the waiver is knowing and intelligent. *See Singer v. United States*, 380 U.S. 24, 35 (1965) ("defendant can . . . waive his right to a public trial); *Hutchins v. Garrison*, 724 F.2d 1425, 1431 (4th Cir. 1983) ("waiver of [the right to an open trial] is effective only if it is an intentional relinquishment of a known right or privilege" (internal quotation marks omitted)). Counsel can waive the right on behalf of a client, at least in the absence of an objection by the client. *United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir. 1949); *see also Martineau v. Perrin*, 601 F.2d 1196, 1200-01 (1st Cir. 1979); *United States v. Moses*, 4 M.J. 847, 849 (A.C.M.R 1978). Because of the express waiver by Applicant's counsel and our limited standard of review, the district court properly denied relief on this claim.

Applicant's second (lesser-included-offense instruction), third (relying on affidavits to resolve ineffective-assistance claims), fourth (ineffective assistance of counsel), and fifth (improvidence of guilty plea) claims were each extensively analyzed by the military court, *see United States v. Knighten*, 2000 WL 122392, at *6-14 (N-M. Ct. Crim. App. 2000) (unpublished), and further review by this court would hence be improper. *See Roberts*, 321 F.3d at 995.

Applicant's sixth claim is closely related to his ineffective-assistance-of-counsel claims. He contends that he was not detailed competent counsel. Although the NMCCA did not specifically address the matter, we agree with the

district court that the military court's comprehensive treatment of Applicant's ineffective-assistance-of-counsel claims disposes of this claim as well. He simply was not denied competent counsel. Perhaps, as Applicant contends, military law provides additional protections regarding the detailing of counsel, but violation of such law raises no issue of "substantial constitutional dimension" and therefore cannot be a ground for relief in this Court. *See id.* at 996.

We AFFIRM for substantially the same reasons set forth in the district court's order.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge