**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES W. SIMPSON,

    Petitioner - Appellant,

v.

COMMANDANT, United States
Disciplinary Barracks,

    Respondent - Appellee.

No. 05-3394
(D. Ct. No. 03-CV-3209-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This petition is brought pursuant to 28 U.S.C. § 2241 by Petitioner-Appellant Charles W. Simpson, who is incarcerated at the United States Disciplinary Barracks in Ft.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders ; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Leavenworth, Kansas and proceeds pro se.  We therefore construe liberally all of the issues raised in Mr. Simpson's petition.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Mr. Simpson was convicted of an indecent assault, attempted rape, obstruction of justice, and forcible sodomy by a general court martial in late 1996 and early 1997.  He was sentenced to a reduction in his classification, forfeiture of all pay and allowances, confinement for twenty years, and a dishonorable discharge.  Mr. Simpson appealed his sentence in the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces.  Mr. Simpson now seeks relief under 28 U.S.C. § 2241 on several grounds related to pretrial motions, a lesser included offense instruction, alleged bias on the part of the military judge, and failures of defense counsel.

Federal courts have very limited authority to review decisions made by the courts-martial.  *Burns v. Wilson*, 346 U.S. 137, 139, 142 (1953); *Roberts v. Callahan*, 321 F.3d 994 (10th Cir. 2003).  Specifically, when a military tribunal has dealt "fully and fairly" with an issue raised in a habeas petition, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns*, 346 U.S. at 142.  We consider an allegation to have received full consideration when an issue is briefed and argued before a military board of review, even if the claim is summarily disposed of.  *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).  We have fully reviewed the record in this case and agree with the District Court that the claims that Mr. Simpson raises in this habeas proceeding were presented to and considered by the military courts.  We have no

basis to conduct additional review of Mr. Simpson's claims for relief in this proceeding.

Accordingly, the petition for habeas corpus is dismissed. All relief is denied.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge