FILED
                                              United States Court of Appeals
                                                     Tenth Circuit

                                                    **May 27, 2010**

UNITED STATES COURT OF APPEALS **Elisabeth A. Shumaker**
                                                  **Clerk of Court**
                    TENH CIRCUIT

FERNANDO GARCIA,

      Petitioner-Appellant,

v.

COMMANDANT, UNITED STATES
DISCIPLINARY BARRACKS and
JAMES GRAY, Colonel,

      Respondents-Appellees.

No. 10-3027
(D.C. No. 5:08-CV-3215-RDR)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Fernando Garcia was convicted after a guilty plea before a general court

martial. He then sought habeas relief in federal district court pursuant to 28

U.S.C. § 2241, arguing that the military appellate courts failed to afford him

adequate review of his Fourth Amendment claim based on *Georgia v. Randolph*,

547 U.S. 103 (2006). Because we agree with the district court that the military

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

courts gave this argument full and fair consideration, we affirm its denial of Mr. Garcia's petition.

In 1998, Mr. Garcia was convicted by a jury in a general court martial of robbery, larceny, housebreaking, and interstate transport of stolen property. The Navy-Marine Corps Court of Criminal Appeals (NMCCA) affirmed his conviction, but the Court of Appeals for the Armed Forces (CAAF) reversed, finding ineffective assistance from Mr. Garcia's trial counsel. On retrial in 2004, Mr. Garcia pled guilty to the same charges and was sentenced to 35 years' confinement, though confinement in excess of 20 years was suspended pursuant to the plea agreement. Mr. Garcia again appealed to the NMCCA.

While that appeal was pending, the Supreme Court decided *Randolph*, holding that one occupant's consent to search shared premises is ineffective if the defendant is present and objects to the search. 547 U.S. at 106. Believing his case involved just such a situation, Mr. Garcia supplemented his appeal to include a claim that *Randolph* should apply to his case. The NMCAA rejected the argument, however, holding the issue waived by dint of Mr. Garcia's voluntary guilty plea. The CAAF granted Mr. Garcia's petition for review, though it ultimately affirmed the NMCAA's decision in a summary order. Mr. Garcia then filed a petition for reconsideration with the CAAF, pressing only his *Randolph* argument, but this, too, was summarily denied.

Having proven unsuccessful in the military courts, Mr. Garcia now seeks federal habeas relief.[1] But none is available. "The federal civil courts have limited authority to review court-martial proceedings." *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2001). If we determine the military courts "fully and fairly reviewed" the claims a petitioner raises in a federal habeas petition, our review is at an end and the petition must be denied. *Id.* This is not an onerous standard: "where an issue is adequately briefed and argued before the military courts[,] the issue has been given fair consideration, even if the military court disposes of the issue summarily." *Id.* at 997. We are satisfied that occurred here. There's no dispute Mr. Garcia presented his *Randolph* claim to both the NMCCA and the CAAF. The NMCCA rejected the claim, holding Mr. Garcia had waived it by pleading guilty, and the CAAF summarily affirmed. No more is required for the military courts to have fully and fairly reviewed Mr. Garcia's claim. *See Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993) (holding military court, in deeming argument waived by failure to object at trial, gave full and fair consideration to petitioner's claim).

Mr. Garcia protests that it was unfair to find waiver in his case because he couldn't have foreseen the decision in *Randolph*, which wasn't decided until after

---

[1] It appears Mr. Garcia was released from custody during the pendency of his habeas action in the district court. We continue to have jurisdiction, however, because he was in custody when his petition was filed and he continues to face collateral consequences from his conviction. *See Sibron v. New York*, 392 U.S. 40, 55-56 (1968); *Roberts v. Callahan*, 321 F.3d 994, 998 (10th Cir. 2003).

he pled guilty.  Accordingly, he contends *Randolph* should apply retroactively to his case despite his failure to raise the issue before the court martial and decision to plead guilty.  But, again, Mr. Garcia thoroughly presented this argument to the military courts, even going so far as to urge adoption of a new rule explicitly permitting appellate review in such circumstances.  Those courts found the argument without merit.  The district court was thus correct to hold that it lacked authority to review Mr. Garcia's claim any further.  We affirm its denial of Mr. Garcia's § 2241 habeas petition.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge