FILED
United States Court of Appeals
Tenth Circuit

June 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY W. BROWN,

    Petitioner - Appellant,

v.

JAMES W. GRAY, Commandant, USDB-
Fort Leavenworth,

    Respondents – Appellees.

No. 11-3303
(D.C. No. 5:09-CV-03002-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Barry Brown, a military prisoner proceeding *pro se*, appeals from the district

court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Brown contends the court erred in concluding the military courts gave his claims a full

and fair review. We affirm.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id*.

**BACKGROUND**

Brown is a lawyer and former member of the judge advocate corps of the United States Air Force. He is currently incarcerated for the attempted premeditated murder of his wife. From February 2005 until the time of his arrest, Brown was engaged in an illicit romance with an enlisted paralegal in his office. In March 2005, he and his paramour located an individual who they believed would be willing to murder Brown's wife. Brown eventually met with the individual at a local park to discuss the deal. Brown suggested one method to accomplish the task (indiscriminate shooting at his wife's place of work) and provided pictures to identify his wife, as well as pictures of her vehicle and her workplace. He handed over $280 and agreed to pay $25,000 for the completed murder. Fortunately, the would-be murderer was not the person Brown and his girlfriend thought he was; he notified the authorities shortly after the duo requested his services. As a result, there was a visual and audio recording of the meeting and Brown was arrested as he prepared to leave. His case was referred to trial by general court-martial. Pursuant to an agreement with the prosecution, Brown pled guilty to attempted first-degree murder, conspiracy to commit attempted first degree murder and wrongful fraternization. Under the agreement, he received a sentence of 18 years in prison.

Brown's attorneys filed a *Grostefon*[1] appeal to the Air Force Court of Criminal

---

[1] *United States v. Grostefon,* 12 M.J. 431, 436 (C.M.A.1982) ("[W]hen the accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel will, at a minimum, invite the attention of the Court of Military Review to those issues [even if counsel thinks the issues lack merit] and, in its decision, the Court of Military Review will, at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them.").

Appeals (AFCCA) challenging his conviction and sentence. Brown planned to later provide further briefing of the issues. Brown also filed a supplementary assignment of errors. The appeal claimed: (1) speedy trial violations; (2) Brown's plea was improvident because it was based on incorrect advice from counsel regarding a mandatory minimum life sentence; (3) prejudicial appellate delay; and (4) ineffective assistance of counsel. His ineffective assistance of counsel claims were premised on counsels' failure to seek credit for "pre-trial punishment" under Article 13, lack of adequate trial preparation, failure to make a speedy trial motion, trial counsel's failure to let him meaningfully assist in his defense or provide necessary information, failure to interview and cross-examine witnesses, failure to seek clarification from the court whether he was subject to a mandatory minimum life sentence prior to his plea decision and, failure to sequester prospective panel members. Because Brown wished to author the reply briefs and was unable to gather the needed materials in time, Brown twice requested continuances to file briefs out of time. The first was granted, extending the time to file a brief to March 15, 2008. He filed his second request for a continuance on March 13, 2008. This request was denied and Brown did not submit a brief with supporting documentation.[2] (Vol. II at 373-375, 377, 378-79.)

Brown's appeal was denied on April 28, 2008, in a detailed opinion addressing the issues raised by counsel. *See United States v. Brown*, No. ACM 36607, 2008 WL 1956589 (A.F. Ct. Crim. App. April 23, 2008). Brown claims he did not receive a copy

---

[2] Brown also filed a supplementary assignment of errors.

- 3 -

of the decision until May 29, 2008. On June 5, 2008, he filed a motion for reconsideration and submitted his brief and supplementary documentation in support of his arguments. The AFCCA agreed to consider the supplementary materials. However, it summarily denied his motion for reconsideration five days later. The Court of Appeals for the Armed Forces (CAAF) denied his subsequent request for review of the AFCCA's decision.

Brown's § 2241 habeas petition alleges: (1) a denial of his due process rights to speedy post-trial review; (2) ineffective assistance of counsel in nine respects; (3) denial of a fair trial by failing to sequester prospective panel members; (4) two incidents of prosecutorial misconduct; (5) denial of post-trial due process; (6) denial of a speedy trial; and (7) an involuntary guilty plea because counsel incorrectly advised him he faced a mandatory minimum life sentence. In a thorough and well-reasoned decision, the district court determined, under the factors set forth in *Roberts v. Callahan*, 321 F.3d 994, 996-97 (10th Cir. 2003), the military courts gave full and fair consideration to Brown's claims.

## DISCUSSION

Under § 2241, habeas corpus relief is granted when a federal prisoner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The narrow scope of habeas review is even more circumscribed when considering decisions from a court martial. *Burns v. Wilson*, 346 U.S. 137, 139 (1953). Initially, we must determine whether the military courts gave full and fair consideration to the petitioner's claims. *Id*. at 142. ("[W]hen a military decision

- 4 -

has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence."). "[I]t is not the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus." *Id*. at 144. If the military courts have fully and fairly considered each issue under the correct standard of law, we will not separately reach the merits. *Id.* ("It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.").

This threshold issue is determined by applying a four-factor test. *Roberts,* 321 F.3d at 997; *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990). We consider whether: (1) "the asserted error [is] of substantial constitutional dimension;" (2) the issue is "one of law rather than of disputed fact already determined by the military tribunals;" (3) the issues contain "[m]ilitary considerations" that may "warrant different treatment of constitutional claims;" and (4) the military courts gave "adequate consideration to the issues involved and appl[ied] proper legal standards." *Roberts*, 321 F.3d at 996 (citation omitted). "While we continue to apply this four-part test [to assess the fairness of the consideration], our recent cases have emphasized the fourth consideration as the most important." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir.) *cert denied* 131 S. Ct. 1711(2011).

Brown claims the district court's conclusion is wrong because the AFCCA: (1) received only *Grostefon* materials rather than full briefing or argument; (2) failed to account for the only "brief and argument" submitted (his own, which he filed with the

- 5 -

motion for reconsideration); (3) refused to reconsider once the factual record was complete; (4) based its decision largely on affidavits prepared by trial defense counsel containing misrepresentations which were shown in Brown's supporting documentation; (5) failed to hold the hearing required if it had actually considered the facts in the record; and (6) rendered its decision in such a short time after receiving Brown's materials "that it is unlikely that the court fully and fairly considered all the record as required." (Appellant's Br. at 15-16.)

We reject these arguments for the same reasons as the district court. While it is true that the AFCCA rendered its decision on the *Grostefon* briefs, these briefs included a statement of each issue, the factual basis for the claim and legal argument in support.[3] The AFCCA's decision denying Brown's appellate claims carefully considered each issue. The supplemental briefing and documentary material Brown submitted with his motion for reconsideration was admitted and, according to the AFCAA, was considered. We do not "presume a military appellate court has failed to consider all the issues presented to it before making a decision." *Thomas*, 625 F.3d at 672. Rather, we assume, in the absence of clear contrary evidence, that public officers, including judicial tribunals, "have properly discharged their official duties." *Bernklau v. Principi*, 291 F.3d 795, 801-02 (Fed. Cir. 2002); *see also Johnson v. Zerbst*, 204 U.S. 458, 468 (1938) ("[T]he judgment of a court carries with it a presumption of regularity.").

Neither does the summary disposal of Brown's motion for reconsideration require

---

[3] The brief also included Brown's affidavit setting forth many of the factual assertions in his later pleadings.

a different conclusion. "When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). Our own review of the entire record reveals no compelling factual submissions by Brown requiring the AFCCA to do more in response to his motion for reconsideration. Moreover, our review leaves us with no doubt the AFCCA could fully consider Brown's submissions in the time between receiving his briefs and issuing its order.

The district court correctly applied our precedent in determining that Brown's claims are not entitled to additional review because the military courts gave them full and fair consideration.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge