**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CREON D. FAISON,

  Petitioner - Appellant,

v.

COLONEL ERIC R. BELCHER;
UNITED STATS OF AMERICA,

  Respondents - Appellees.

No. 12-3189
(D.C. No. 5:11-03033-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

---

  Creon D. Faison, a federal prisoner convicted by military court-martial and

appearing pro se,[1] appeals the district court's denial of his 28 U.S.C. § 2241 petition and

---

  [*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

  [1] Because Mr. Faison filed his petition pro se, his "pleadings are to be construed liberally," though we stop short of "assum[ing] the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

motion to vacate his conviction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Faison was tried by general court-martial and convicted on charges involving sexual offenses against his step-daughter. A military judge sitting alone sentenced him, *inter alia*, to 35 years of confinement. The Air Force Court of Criminal Appeals (AFCCA) affirmed the conviction and sentence, and the Court of Appeals for the Armed Forces (CAAF) denied review. *United States v. Faison*, 2010 WL 2265833, at *7 (A.F. Ct. Crim. App. April 19, 2010) (unpublished), *rev. denied*, 69 M.J. 209 (U.S. Armed Force Daily J. July 28, 2010).

On February 7, 2011, Mr. Faison filed a petition that the district court construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus. The petition raises three claims: 1) there was insufficient evidence to support his conviction, 2) inadmissible evidence was admitted at trial, and 3) his conviction on multiple charges for the same event constituted double jeopardy. The district court dismissed his petition, noting the limited review available for convictions arising from military courts. *See Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

Mr. Faison also filed a motion to vacate his conviction, arguing that jury instructions were improper and that the prosecutor had failed to state an offense or provide constitutionally required notice. The district court denied the motion on the grounds that Mr. Faison had waived the claims.

Federal courts are authorized to grant a writ of habeas corpus to a prisoner "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In non-military cases, we review a district court's dismissal of a § 2241 habeas petition de novo. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). However, "'in military habeas corpus the inquiry, the scope of matters open to review, has always been more narrow. . . .'" *Lips*, 997 F.2d at 811 (quoting *Burns v. Wilson*, 346 U.S. 137, 139 (1953)).

A federal district court's review of a military conviction is initially limited to whether the petitioner's claims were given "full and fair consideration by the military courts." *Id.* at 810. If so, a federal court should deny the petition without addressing the merits. *See Roberts v. Callahan*, 321 F.3d 994, 996 (10th Cir. 2003). An issue has been given full and fair consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue. *See id.* at 997; *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). It is the petitioner's burden to show that a military review was "legally inadequate" to resolve his claims. *Watson*, 782 F.2d 144 (quotations omitted).

The district court found that all three grounds in Mr. Faison's § 2241 petition were presented to the military courts and given full and fair consideration. We agree. The military courts have addressed Mr. Faison's issues on multiple occasions. His first two claims, insufficiency of the evidence and use of inadmissible evidence, were raised at trial, and a three-judge panel of the AFCCA upheld the military judge's decision in a written opinion. The CAAF denied review and later denied reconsideration. Mr.

-3-

Faison's third claim of double jeopardy was raised for the first time in his petition to the CAAF for extraordinary relief, and the CAAF reviewed and summarily denied the petition. We find that the military courts fully and fairly considered the issues Mr. Faison raised in his § 2241 petition.

Mr. Faison also appeals the district court's denial of his motion to vacate his court-martial conviction. Mr. Faison did not raise the issues in his motion before the military courts and has therefore waived them. "We will entertain military prisoners' claims *if they were raised in the military courts* and those courts refused to consider them. We will not review petitioners' claims on the merits if they were not raised at all in the military courts." *Watson*, 782 F.2d at 145 (emphasis added) (citations omitted).

For the foregoing reasons, we affirm the district court's dismissal of the § 2241 petition and denial of the motion to vacate the court-martial conviction.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge