**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY JAMES WILLIAMS, JR.,

Petitioner - Appellant,

v.

COLONEL SIOBAN J. LEDWITH,
Commandant, United States
Disciplinary Barracks,

Respondent - Appellee.

No. 16-3270
(D.C. No. 5:14-CC-03169-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,
submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Larry James Williams, Jr., a federal prisoner convicted by military court-martial and appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

Williams was convicted before a general court-martial upon a guilty plea of one specification of rape of a child, two specifications of aggravated sexual contact with a child, and one specification of forcible sodomy. Although a military judge sentenced Williams to confinement for twenty years, the convening authority approved eight years of confinement based on a pretrial agreement. The Army Court of Criminal Appeals ("ACCA") affirmed the convictions and sentence. In so doing, the ACCA specifically stated that it had considered "the entire record," including "the issues personally specified by" Williams. The Court of Appeals for the Armed Forces denied review.

Williams thereafter commenced the instant § 2241 proceeding in the United States District for the District of Kansas. Williams's petition raised four claims: 1) counsel provided constitutionally inadequate assistance, 2) the military judge failed to properly conduct the providence inquiry before accepting his guilty plea, 3) his convictions were not supported by sufficient evidence, and 4) newly

---

[1]Williams does not need a certificate of appealability to appeal from the district court's denial of his § 2241 petition. *See Knighten v. Commandant*, 142 F. App'x 348, 349 (10th Cir. 2005).

discovered evidence undermines his convictions. The district court dismissed Williams's petition, noting the limited review available for convictions arising from military courts. *See Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir.1993). In particular, the district court noted that because the ACCA gave full and fair consideration to the first three claims set out in Williams's petition, federal courts were barred from addressing the merits of those claims. *See id.* The district court concluded the fourth claim in Williams's petition was waived because it was not presented to the military courts. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). In any event, the district court noted the evidence identified by Williams was not newly discovered, as the military judge reviewed this evidence with Williams during the providence inquiry. Finally, the district court denied Williams's motion to transfer the matter, recognizing Williams commenced the action while incarcerated in the District of Kansas and concluding "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief" and "is not destroyed by a transfer of the petitioner." *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Federal courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In nonmilitary cases, this court reviews a district court's dismissal of a § 2241 habeas petition de novo. *See Brace v.*

*United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[I]n military habeas corpus," however, "the scope of matters open to review, has always been more narrow." *Lips*, 997 F.2d at 811 (quotation omitted). A federal district court's review of a military conviction is initially limited to whether the petitioner's claims were given "full and fair consideration by the military courts." *Id.* at 810. If so, a federal court should deny the petition without addressing the merits. *See Roberts v. Callahan*, 321 F.3d 994, 996 (10th Cir. 2003). An issue has been given full and fair consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue. *See id.* at 997; *Watson*, 782 F.2d at 145. It is the petitioner's burden to show that a military review was "legally inadequate" to resolve his claims. *Watson*, 782 F.2d at 144 (quotation omitted). When a petitioner failed to present a claim to the military courts, the federal habeas court will consider the claim waived. *Id.* at 145.

The district court concluded that the first three grounds in Williams's § 2241 petition were presented to the military courts and given full and fair consideration. This court agrees with that conclusion, as the ACCA specifically stated that it had reviewed those issues on the merits in light of the entire record. We likewise agree with the district court's conclusion that Williams's fourth claim is not, in fact, based on newly discovered evidence and is, therefore, waived because it was not presented to the military courts. Finally, we have no doubt the district court acted well within the bounds of its discretion when it denied

-4-

Williams's belated motion to transfer the case to the district in which he is currently confined. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (noting that this court reviews the denial of a motion to transfer a case for abuse of discretion).

For the foregoing reasons, this court **AFFIRMS** the district court's denial of Williams's § 2241 petition.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge