FILED
United States Court of Appeals
Tenth Circuit

July 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES BANKS,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA;
FNU LNU, Commandant, USDB-Ft.
Leavenworth,

     Respondents - Appellees.

No. 10-3014
(D.C. No. 5:09-CV-03086-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY, HARTZ,** and **GORSUCH**, Circuit Judges.

James Banks served nearly twenty years in the Air Force before authorities learned that he had sexually abused his young daughter. When they did, the authorities initiated a court martial proceeding. The court ultimately found Mr. Banks guilty of various sex crimes, sentenced him to ten years in confinement, and he was dishonorably discharged. Following his court martial, Mr. Banks

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waived his right to appeal through the military court system and began to serve his sentence at Fort Leavenworth.

Before Mr. Banks completed his sentence, however, the military decided to parole him. Under its "mandatory supervised release program" (MSR), the military may impose various conditions on the parolee's release. *See* 10 U.S.C. § 952(a); R.O.A. at 125 (Department of Defense Instruction 1325.7, ¶ 6.20 (July 17, 2001)). An inmate can choose to refuse these conditions, but if he does he must remain in confinement until his sentence expires — and he opens himself to the possibility of additional charges and penalties. *See* R.O.A. at 160 (Memorandum of Understanding Among Department of Defense Service and Parole Boards and Corrections Headquarters Agencies at 4 (2006)). In Mr. Banks's case, the Air Force Clemency and Parole Board set a number of conditions on his release, he agreed to leave Fort Leavenworth, and he has remained at liberty since.

Soon after his release, Mr. Banks sought to challenge his placement on parole as well as the conditions imposed by the military. He did so not in any military channel but in a habeas corpus petition filed in federal district court pursuant to 28 U.S.C. § 2241. The district court ultimately dismissed Mr. Banks's petition with prejudice, and it is that decision he now appeals.

Before us, Mr. Banks pursues essentially three claims. First, he says his placement on MSR violated the Due Process and Double Jeopardy Clauses of the

Constitution, as well as the Uniform Code of Military Justice, by imposing a new sentence on him that wasn't announced as part of his original court martial proceeding. Second, he contends that his placement on MSR deprived him of good-conduct time and earned abatement days without due process. And, third, he argues that his parole conditions were imposed in violation of his procedural due process rights. We find ourselves, however, uncertain of our legal authority even to entertain this petition, let alone rule in Mr. Banks's favor.

*First*, it is unclear whether Mr. Banks's third (procedural due process) claim is cognizable in a habeas proceeding. Doubtless, some circuits have suggested that a prisoner's challenge to conditions placed on his parole may be entertained in a habeas proceeding. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *Rauschenberg v. Williams*, 785 F.2d 985, 987 (11th Cir. 1986). But it is an open question in this circuit whether a challenge to parole conditions is more like a challenge to the fact or duration of one's confinement (and so cognizable in habeas) or more like a challenge to one's conditions of confinement (and so cognizable only in a *Bivens* action). *Cf. McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). And while Mr. Banks's first two claims clearly attack the fact or duration of his confinement, the same may or may not hold true for his third claim attacking his parole conditions. Neither has the district court or the parties so far had a chance to address any of this.

*Second*, before seeking collateral review in the civilian system, a military petitioner must exhaust "*all* available military remedies." *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975) (emphasis added). This requires the petitioner to exhaust not just military *court* remedies but *administrative* ones as well. *See Gusik v. Schilder*, 340 U.S. 128, 130-31 (1950); *McMahan v. Hunter*, 179 F.2d 661, 662 (10th Cir. 1950). And the failure to exhaust available military remedies on *any* claim generally requires a civilian court to dismiss without prejudice the petition in its *entirety*; until the petitioner takes advantage of all modes of relief available in the military system, civilian review must await another day. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). Complementing this exhaustion requirement is the doctrine of procedural default (or "waiver" as we have sometimes described it). This doctrine can operate to bar a military prisoner from ever raising a claim in a civilian court that he once could have presented to military officials but no longer may. *See Lips v. Commandant*, 997 F.2d 808, 812 (10th Cir. 1993); *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). And once again with respect to Mr. Banks's third (procedural due process) claim there is a live question whether it might be unexhausted or procedurally defaulted. From the record as developed to date we simply cannot tell.

*Finally*, even if we could get past these hurdles, we would still be unable to resolve Mr. Banks's third claim on the merits. From the record, we cannot tell

whether pre-deprivation military processes are available to challenge MSR conditions; what those processes may involve; or whether a parolee in Mr. Banks's position could take advantage of them. And without knowing the answers to these factual questions, we cannot answer the legal question whether they satisfy due process.

In light of these uncertainties, this court has concluded a remand is appropriate. On remand, the district court should consider whether a habeas petition or a *Bivens* action is the proper vehicle for Mr. Banks to bring his third (procedural due process) claim. If it finds that this claim may proceed only under *Bivens* rather than in habeas, the court should dismiss the claim without prejudice (rather than with prejudice as it did previously). *See Rael v. Williams*, 223 F.3d 1153, 1154-55 (10th Cir. 2000). If, however, the district court finds that this claim is properly brought in habeas, it should consider the question of exhaustion. If the district court finds that claim unexhausted, it should follow the ordinary practice of dismissing the petition in its entirety without prejudice. *See Rose*, 455 U.S. at 510; *Moore*, 288 F.3d at 1232. If the court finds that Mr. Banks has exhausted all his military remedies, it may still decline to consider any claim to which procedural default doctrine applies. *See Lips*, 997 F.2d at 812; *Roberts*, 321 F.3d at 995. And if the district court ultimately finds it appropriate to reach the merits, it should develop a record with respect to the questions outlined above to enable this court's review.

The judgment of the district court is vacated, and the matter remanded for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge