**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD A. GRAY,

     Petitioner - Appellant,

v.

JAMES GRAY, Colonel, United States
Army Commandant, USDA - Fort
Leavenworth,

     Respondent - Appellee.

No. 16-3038
(D.C. No. 5:08-CV-03289-JTM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, and **BRISCOE**, and **MCHUGH,** Circuit Judges.
_____

     Petitioner Ronald A. Gray is a military prisoner convicted of multiple murders and

related sexual offenses for which he has been sentenced to death. He appeals from the

district court's dismissal of his habeas petition under 28 U.S.C. § 2241, which was

dismissed in part with prejudice on the merits and in part without prejudice for failure to

exhaust available military remedies.

---

    [*] After examining the appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.
*See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

On March 3, 2016, we issued an order to show cause why this court should not summarily reverse the district court's hybrid dismissal of Gray's § 2241 petition, and remand for adoption of one of the alternative dispositions set forth in our order to show cause. On March 24, 2016, the parties filed a joint response to our order to show cause, in which they acknowledge that the district court's hybrid dismissal should be reversed and this matter should be remanded.

As an initial matter, we note that the dismissal of some of Gray's claims without prejudice does not undermine this court's jurisdiction, because the operative defect (lack of exhaustion) cannot be cured by amendment and the resultant dismissal effectively excludes Gray from federal court under present circumstances. *See B. Willis, C.P.A. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008) (explaining when dismissal of claim without prejudice does not negate finality of disposition); *see also Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (exercising appellate jurisdiction over functionally identical dismissal of habeas petition). In that regard, it is clear that we have jurisdiction to summarily reverse and remand as set forth below.

A prisoner challenging a court martial conviction through 28 U.S.C. § 2241 must exhaust all available military remedies. *Khan v. Hart*, 943 F.2d 1261, 1263 (10th Cir. 1991) (following *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)). In this case, the district court determined that several of Gray's claims were unexhausted—claims he had tried to put before the military courts through an extraordinary coram nobis procedure that they deemed inapt when a federal habeas remedy appeared available. Believing the military courts would now consider the claims if it were made clear that habeas review

2

would be withheld until they did so, the district court dismissed the claims without prejudice while it rejected the rest of the petition on the merits.

The general rules for handling habeas petitions containing a mix of exhausted and unexhausted claims are well-settled. Faced with such a "mixed petition," a district court has several options: (1) dismiss the entire petition without prejudice to re-filing after the petitioner either exhausts all claims or resubmits the petition to proceed solely on the exhausted claims, *see Moore*, 288 F.3d at 1233 (discussing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); (2) deny the entire petition with prejudice if the unexhausted claims are clearly meritless, *see id.* at 1234 (discussing *Granberry v. Greer*, 481 U.S. 129, 135 (1987)); (3) apply an "anticipatory procedural bar" to the unexhausted claims and deny them with prejudice if the petitioner would now be procedurally barred from exhausting them in state (or, as here, military) court and cannot demonstrate cause and prejudice to excuse the procedural default, *see id.* at 1233 n.3; *see also Roberts v. Callahan*, 321 F.3d 994, 995, 997-98 (10th Cir. 2003) (noting same procedural-bar and cause-and-prejudice principles in habeas review of court martial conviction); or (4) retain jurisdiction but abate the habeas proceeding to allow the petitioner to exhaust all unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 273-79 (2005). The one thing the district court may not do is effect a hybrid disposition of the petition, dismissing with prejudice all exhausted claims and dismissing without prejudice the unexhausted claims. *See Moore*, 288 F.3d at 1235-36 (reversing hybrid dismissal and remanding for further proceedings consistent with the above principles); *see also Banks v. United States*, 431 F. App'x 755, 757 (10th Cir. 2011) (noting same principles in habeas review of military conviction).

Based on the foregoing, we REVERSE the district court's hybrid dismissal of Gray's habeas petition, and REMAND to the district court with instructions to vacate its judgment and adopt one of the alternative dispositions set forth above. The Clerk of Court shall issue the mandate forthwith.

Entered for the Court
Per Curiam