**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CARRERA RAY ANDERSON,

    Petitioner - Appellant,

v.

LAURA PROFFIT, Warden; WILLIAM
LOTHROP; UNITED STATES
ATTORNEY GENERAL,

    Respondents - Appellees.

No. 25-3111
(D.C. No. 5:25-CV-03092-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Carrera Ray Anderson, proceeding pro se, moved to be released from military

prison. The district court, construing Mr. Anderson's filings as a petition for

habeas corpus under 28 U.S.C. § 2241, denied relief. Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

In a general court-martial, Mr. Anderson was convicted of sexual assault. The United States Court of Appeals for the Armed Forces affirmed. His habeas petition claimed "[m]isapplication of use of bonds for discharge in post-conviction relief, resulting in excessive incarceration." ROA at 19. He alleged that he had served 78 months and "would have served far less had 28 U.S.C. § 2041 been applied at presentment of the bonds for discharge from an open [Treasury Direct Account]." *Id.* He asked "to be released as soon as possible." *Id.* at 22. Mr. Anderson is in custody at Fort Leavenworth, Kansas.[1]

The district court issued an order to show cause, which noted that Mr. Anderson "does not attack his conviction or the sentence imposed; rather, he only claims that his conviction and sentence have been somehow 'discharged,' apparently on the basis of bonds or funds that he has made available for that purpose." *Id.* at 527. The court said, "He has not cited any authority, however, supporting the argument that a criminal conviction and a sentence of imprisonment (military or otherwise) may be 'discharged' in such a manner." *Id.* The order directed Mr. Anderson to show cause "that his conviction and sentence has indeed been discharged and that he is entitled to release from his sentence." *Id.* In his

---

[1] Mr. Anderson filed his petition in the U.S. District Court for the Western District of Missouri using a 28 U.S.C. § 2255 form. The district court there found his action could be brought only as a 28 U.S.C. § 2241 petition and transferred the case to the District of Kansas because a § 2241 petition must be brought "in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

response to the order, Mr. Anderson again asserted that "bonds were tendered for discharging the charges." *Id.* at 533.

The district court dismissed the petition, stating that Mr. Anderson "has not cited any authority, however, that would allow for his release from his military sentence. The statutes and caselaw cited by petitioner that relate to admiralty or other non-criminal proceedings are not relevant here." *Id.* at 556.

Mr. Anderson timely appealed.[2]

## II. DISCUSSION

On appeal, Mr. Anderson has filed "Appellant's Informal Opening Brief" and "Brief of Appellant," totaling 40 pages. He includes over 50 citations to constitutional provisions, statutes, regulations, and court decisions—many of which appeared in his response to the district court's order to show cause and concern, as the district court said, "admiralty or other non-criminal proceedings [that] are not relevant here." *Id.*

Mr. Anderson continues to rely heavily on 28 U.S.C. § 2041:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

---

[2] A certificate of appealability is not required for a military prisoner to appeal the denial of a § 2241 petition. *See Knighten v. Commandant,* 142 F. App'x 348, 349-50 (10th Cir. 2005) (unpublished).

But Mr. Anderson fails to show how this statute or any of the authorities he cites provide any basis to release him from custody under 28 U.S.C. § 2241. We see no error in the district court's dismissal of Mr. Anderson's petition.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge